IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TIRSON LAMBERTY,<br><br>            Plaintiff,<br><br>   v.<br><br>COOPER HOSPITAL, et al.,<br><br>            Defendant. | Civil No. 22-7460 (RMB/MJS)<br><br>**OPINION** |

**BUMB**, Chief District Judge

    This matter comes before the Court upon the filing of a complaint and an application to proceed in forma pauperis ("IFP") by Plaintiff Tirson Lamberty ("Plaintiff"). [Docket Nos. 1, 1-2.] For the reasons stated herein, the Court will grant Plaintiff's application to proceed IFP, but will dismiss Plaintiff's complaint without prejudice for lack of federal subject matter jurisdiction.

**I.    BACKGROUND**

    Plaintiff initiated the present lawsuit claiming that after spine surgery in January 2021, "the surgeons left a broken screw in [his] spine and another in [his] neck." [Docket No. 1, at 3.] The Complaint alleges "Dr. Bilbao from Cooper Neurology left" the screws in Plaintiffs spine and neck, and that another unnamed surgeon was involved. [*Id.*] Plaintiff checked the box for "Federal Questions" as the basis for the Court's jurisdiction, noting that he is "afraid Donald Norcross will have

an affect on a decision in a state court panel" and that he is on the panel of Cooper Hospital and "also a Senator." [*Id.* at 2.]

## II.     DISCUSSION

### A.     IFP Application

Under 28 U.S.C. § 1915(a), an applicant to proceed IFP must submit an affidavit that includes a complete list of the applicant's assets and establishes that the applicant is unable to pay the requisite fees. 28 U.S.C. § 1915(a); *Roy v. Penn. Nat'l Ins. Co.*, No. 14-4277, 2014 WL 4104979, at *1, n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision to grant or deny an IFP application is based solely upon the economic eligibility of the applicant. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976). In his IFP application, Plaintiff indicates that his only income is $872 monthly in SSI benefits, and that he is homeless. [Docket No. 1-2, at 2, 5.] Thus, the Court finds that Plaintiff established that he qualifies for permission to proceed IFP as he lacks the financial ability to pay the filing fee. Accordingly, the Court will grant Plaintiff's IFP Application.

### B.     Subject Matter Jurisdiction

The Court has an independent obligation to satisfy itself of its subject matter jurisdiction, and the Court "always has jurisdiction to determine its [own] jurisdiction." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (*citing United States v. Ruiz*, 536 U.S. 622, 628 (2002)). "A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens

of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (*citing* 28 U.S.C. §§ 1331, 1332(a)).

In the Complaint, Plaintiff does not assert that the Court has subject matter jurisdiction under a theory of diversity of citizenship, and Plaintiff has not pled sufficient facts to assert any such theory. Plaintiff also fails to indicate which of his Constitutional, statutory, treaty or other federal rights is at issue. [*Id.*] To be sure, "[f]ederal question jurisdiction exists only if a federal question is presented on the face of the complaint." *Rockefeller*, 424 F. App'x at 83. The Court finds that Plaintiff's allegations of medical malpractice squarely concern a state law cause of action. *See Spositi v. Reycheck*, 2017 WL 6539231, Civ. No. 16-2448 (RBK/KMW) at *3, n. 3 (D.N.J. Dec. 21, 2017) (explaining that the Court "typically lack[s] subject-matter jurisdiction to hear medical-malpractice claims against non-diverse defendants" absent some federal claim that provides for the exercise of supplemental jurisdiction). Based on the clear facts alleged, the Court must dismiss this case, without prejudice, for lack of subject matter jurisdiction.

### III.   CONCLUSION

For the reasons stated above, the Court shall grant Plaintiff's IFP application [Docket No. 1-2] and dismiss Plaintiff's Complaint [Docket No. 1], without prejudice. An accompanying Order as of today's date shall issue.

<u>August 29, 2023</u>                              s/*Renée Marie Bumb*
Date                                                     Renée Marie Bumb
                                                         Chief District Judge